UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERMAN BRANDON, | No. 2:17-cv-1763 DB P |
| Plaintiff, | |
| v. | ORDER |
| M. KHALIL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants violated his rights under the Americans with Disability Act ("ADA") and the Eighth Amendment by refusing to give plaintiff a job in the prison library. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 5) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

## IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

The events giving rise to the claim occurred while plaintiff was incarcerated at California State Prison, Sacramento ("CSP-SAC"). Plaintiff names as defendants: (1) Library Technical Assistant Mohammed Khalil, (2) Correctional Lieutenant Cross, and (3) Acting Warden Baughman.

Plaintiff states he filed a Request for Interview, also known as a CDCR Form 22, directed toward Khalil requesting employment in the prison library. (ECF No. 1 at 3.) Plaintiff alleges

3

Khalil denied the request and stated in his response "you have mental health and disability issues. You need disability assistance and have hearing problems. So I cannot have more problems here." (Id.) Plaintiff claims Khalil's actions amounted to discrimination and deliberate indifference to plaintiff's serious health care needs. (Id. at 4.) Plaintiff alleges he is disabled within the meaning of the ADA, is able to perform the essential functions of the job, and was rejected from the job based on his disability.

Plaintiff states Cross concurred with the appeal response that Khalil violated California Department of Corrections and Rehabilitation ("CDCR") policy, but failed to provide plaintiff with any relief. (Id. at 11.) Plaintiff claims Baughman failed to supervise or render relief. (Id. at 12.) Plaintiff further claims Lieutenant Cross and Acting Warden Baughman conspired with Khalil to deprive plaintiff of his civil rights based on plaintiff's disability.

Plaintiff requests damages and declaratory relief.

**III. Does Plaintiff State a Claim under 42 U.S.C. § 1983?**

    **A. Claim I – ADA Violation by Defendant Khalil**

        **1. Legal Standards Under the ADA**

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997). To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978. Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . [the] privileges of employment." 42 U.S.C. § 12112(a).

        **2. Analysis**

Here, plaintiff has failed to allege facts to establish that he is disabled under the ADA. In order to allege that plaintiff is disabled under the ADA, he must state facts demonstrating that he

4

has been diagnosed with a condition that limits his life activities. Bragdon v. Abbott, 524 U.S. 624, 631 (1998); Gaines v. Diaz, No. 1:13-cv-1478 MJS, 2014 WL 4960794, at *6 (E.D. Cal. Oct. 1, 2014) (Plaintiff's claim that he "suffered from unspecified lower body mobility and pain conditions [did] not alone demonstrate a disability."). Accordingly, plaintiff has not alleged facts to demonstrate that he is disabled under the ADA.

If plaintiff seeks to make a claim under the ADA, he may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791, 792 (9th Cir. 2004), cert. denied, 546 U.S. 1137 (2006); Lovell v. Chandler, 303 F.3d 1039, 1051 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003). He cannot seek damages pursuant to the ADA against defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), cert. denied, 537 U.S. 1190 (2003), (citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001)). Plaintiff may not bring an ADA claim for damages against defendant Khalil in his individual capacity. Plaintiff must name a proper defendant in order to seek damages pursuant to the ADA.

Plaintiff also states he is bringing this case under Title VII, 42 U.S.C. §2000e, for discrimination. Title VII protects employees from unlawful employment practices based on the employee's race, color, religion, sex, or national origin, not disability. Here, there is no allegation that the denial of a job was based on plaintiff's race, color, religion, sex, or national origin. Accordingly, plaintiff has not raised a cognizable Title VII claim.

Plaintiff further claims defendants violated a CDCR regulation (Title 15, CCR 3004). However, the mere violation of state prison regulations is not actionable under § 1983. See Sandin v. Conner, 515 U.S. 472, 484 (1995). To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution . . . committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to show how defendants violated a right secured under the Constitution simply by violating administrative "operational procedures" or regulations.

////

Accordingly, plaintiff has failed to state a claim under the ADA because he has not identified a proper defendant and has not alleged sufficient facts to show that he is disabled under the ADA.

### B. Claim II – Deliberate Indifference

#### 1. Legal Standards Under the Eighth Amendment

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1975). Prisoners' mental health needs are among the medical needs covered by the Eighth Amendment. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); see also Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general health care requirements), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). To prove that the response of prison officials to a prisoner's mental health needs was constitutionally deficient, the prisoner must establish: (1) a serious mental health need; and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

#### 2. Analysis

Here, plaintiff has not alleged any facts that indicate he had a serious mental health need that was not treated by any of the defendants. Plaintiff has conclusively stated that defendants were deliberately indifferent without pointing to any specific mental health need, other than his general statements that his mental health was harmed by Khalil's statement. However, those statements do not show that he had a serious medical need that was harmed by defendant's actions.

////

////

### C. Claim III – Conspiracy

#### 1. Legal Standards regarding Conspiracy

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under §1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation f any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi, 839 F.2d at 626. A mere
////

allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff has failed to allege sufficient facts to show that defendants conspired to violate his rights. To state a claim plaintiff must plead facts showing which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights. See Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997).

### 1. Supervisory Liability

Plaintiff named as defendant acting warden Baughman, who held a supervisory position at CSP-SAC. Plaintiff alleges Baughman is liable because he failed to supervise and provide relief to plaintiff. Under § 1983, plaintiff must demonstrate that each defendant through his or her own individual actions, violated plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). Liability may not be imposed on supervisory personnel under § 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff has failed to state a claim against Baughman because he has not alleged facts showing that Baughman personally participated in the alleged violations or that he was aware of the violations and failed to act.

### 2. Grievance Issues

Defendant Cross' actions in responding to plaintiff's appeals, alone, cannot give rise to any claims for relief under §1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a

specific grievance process). Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable claim based on his allegations that Lt. Cross did not provide plaintiff with any relief through the grievance process.

## AMENDING THE COMPLAINT

As set out above, plaintiff fails to state a cognizable claim and he will be given the opportunity to amend the complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 11) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."
5. Failure to comply with this order will result in a recommendation that this action be dismissed. And,

////

////

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: November 13, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 12
DLB1/prisoner-civil rights/cana1235.scrn